FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 30 2019

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHINNETTIA REECE, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:19-cv-940 - JM

**L & R DISTRIBUTORS, INC.**            **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Chinnettia Reece, individually and on behalf of all others similarly situated, by and through her attorneys Blake Hoyt and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint"), she states and alleges as follows:

### I. INTRODUCTION

1. Plaintiff Chinnettia Reece ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant L & R Distributors, Inc. ("Defendant"), for violations of the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs and a reasonable attorney's fee, within the applicable statutory limitations period as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge _Moody_
and to Magistrate Judge _Volpe_

3. The time period relevant to this Complaint begins three years immediately preceding the filing of this Complaint and continues until such time as judgment is entered.

4. The nature of the violation herein is a "regular rate violation" in that Defendant paid a series of expected, repeating bonus payments, but Defendant did not include the bonus amounts in the calculation of the regular, hourly rate for the purposes of calculating proper overtime payments to Plaintiff and the collective members.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant conducts business within the State of Arkansas, operating a distribution facility in Pine Bluff.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9. Plaintiff was employed by Defendant at its distribution facility in Pine Bluff. Therefore, the acts alleged in this Complaint had their principal effect within the Central

Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.   PARTIES

10. Plaintiff is an individual and resident of Jefferson County.

11. At all times relevant to the allegations in this Complaint, Plaintiff was an hourly-paid employee at Defendant's facility in Pine Bluff.

12. At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

13. Upon information and belief, Defendant is not registered with the Arkansas Secretary of State.

14. Upon information and belief, Defendant's principal place of business is 88 35th Street, Building 4, 5th Floor, Suite D, Brooklyn, NY 11232.

15. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as cooking utensils and equipment, office supplies, and food products.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

## IV.     FACTUAL ALLEGATIONS

18.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

19.     Plaintiff was employed as an hourly-paid "Picker" from September of 2014 until December of 2019.

20.     Pickers are responsible for filling orders for Defendant's customers.

21.     Until January of 2019, Pickers were eligible for regular and repeating bonuses based on performance.

22.     The bonuses were merit-based and were nondiscretionary.

23.     These bonuses were a form of compensation to Plaintiff and similarly situated employees.

24.     Plaintiff and similarly situated employees regularly earned and received these non-discretionary bonuses.

25.     Plaintiff and similarly situated employees worked more than forty hours in at least one week during the time period relevant to this Complaint.

26.     During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the earned semi-annual bonuses.

27.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in

with other earnings to determine the regular rate on which overtime pay must be based."

28. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the bonus, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

29. Defendant knew or showed reckless disregard for whether its actions violated the FLSA

## V. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff brings this FLSA claim on behalf of all other hourly-paid employees who were employed by Defendant and received a nondiscretionary bonus at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

    A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

    B. Liquidated damages; and

    C. Attorney's fees and costs.

33. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

34. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They were eligible for and received a nondiscretionary bonus;

D. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

35. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds fifty (50) persons.

36. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.


## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of FLSA)

37.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

38.   29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

39.   Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

40.   Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

41.   Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

42.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

43.   By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

44.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Individual Claim for Violation of AMWA)

45.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

46.    At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

47.    At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

48.    At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

49.    Defendant failed to pay Plaintiff a proper overtime premium for all hours worked over forty (40) per week.

50.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

52.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid overtime premium pay described above pursuant to Ark. Code Ann. § 11-4-218.

53. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

55. Plaintiff brings this collective action, on behalf of herself and all hourly-paid employees who received bonuses and were employed by Defendant, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

56. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57. Defendant classified Plaintiff and similarly situated employees as nonexempt from the overtime requirements of the FLSA.

58. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

59.     In the past three years, Defendant has employed more than fifty (50) hourly-paid employees who were eligible for and received bonuses.

60.     Upon information and belief, Plaintiff and all or almost all hourly-paid employees who were eligible for and received bonuses regularly worked more than forty (40) hours in a week.

61.     Defendant failed to pay these workers at the proper overtime rate.

62.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly employees within the past three years, to whom Defendant gave a nondiscretionary bonus, and who worked more than forty hours in a week during which the regular rate was affected by the bonus.**

63.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

64.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

65.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chinnettia Reece, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and the members of the putative class and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA and the AMWA and their attendant regulations;

C. Judgment for damages for all unpaid overtime compensation under the FLSA and the AMWA and their attendant regulations;

D. Judgment for liquidated damages pursuant to the FLSA and the AMWA and their attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CHINNETTIA REECE, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Blake Hoyt
Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com